# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs December 09, 2014

## STATE OF TENNESSEE v. JOHN TALLEY

### Appeal from the Criminal Court for Hamilton County
### No. 159257, 159258, 164952, 164953, 164955     Barry A. Steelman, Judge

---

### No. E2014-01313-CCA-R3-CD - Filed December 26, 2014

---

THOMAS T. WOODALL, P.J., concurring in results.

I concur in results only, and I write separately in order to express my disagreement with the statement in the lead opinion by Judge Easter that if the sentences have been fully served, "the controversy is moot." I respectfully submit that this conclusion is erroneous.

Rule 36.1 was promulgated and adopted by the Tennessee Supreme Court in an order filed December 18, 2012, and Rule 36.1 was subsequently "ratified and approved [by the Tennessee General Assembly] by House Resolution 33 and Senate Resolution 11." Compiler's Notes, Tenn. R. Crim. P. 36.1. This rule, authored by our supreme court and ratified and approved by the Tennessee General Assembly, begins with the following clear and unambiguous words:

> Either the defendant or the state may, *at any time*, seek correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered.

Tenn. R. Crim. P. 36.1(a) (emphasis added).

To me "at any time" means what it says, whether before or after sentences have been fully served. If our supreme court had intended for Rule 36.1 relief to not be available when the challenged sentences have been fully served, that specification would have been clearly stated. If the General Assembly had desired the restriction in the rule, one or both houses of the General Assembly would have refused to ratify and approve Rule 36.1 as it is written.

It is my respectful opinion that even if (1) I disagree with some or all of Rule 36.1's provisions, and (2) I believe the consequences of the rule can ultimately and unfairly lead to trial courts in Tennessee vacating decades' old convictions, as a judge on an intermediate appellate court I must apply the plain meaning of Rule 36.1. Accordingly, I respectfully

concur only to the extent the judgment is reversed and the case is remanded for proceedings in accordance with my understanding of the wording in Rule 36.1.

Judge Glenn also concurs in results only and joins with me in this separate opinion.

_____
THOMAS T. WOODALL, PRESIDING JUDGE